| | |
|---|---|
| 1 | Justin H. Sanders (SBN 211488) |
|  | jsanders@sandersroberts.com |
| 2 | Melvin L. Felton (SBN 276047) |
|  | mfelton@sandersroberts.com |
| 3 | Stephanie Jones Nojima (178453) |
|  | sjonesnojima@sandersroberts.com |
| 4 | **SANDERS ROBERTS LLP** |
|  | 1055 West 7th Street, Suite 3200 |
| 5 | Los Angeles, CA 90017 |
|  | Telephone: (213) 426-5000 |
| 6 | Facsimile:  (213) 234-4581 |
| 7 | Attorneys for DEFENDANTS |
|  | **NIKE, INC. AND NIKE USA, INC.** |
| 8 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA BRADFORD, an individual, | | **CASE NO.** |
| Plaintiff, | | *(Removed from Los Angeles County Superior Court Case No. 22STCV26299)* |
| v. | | |
| SHOE PALACE CORPORATION, a California corporation; NIKE, INC., a California corporation; NIKE USA, INC., a California corporation; and DOES 1-50, inclusive | | **DEFENDANTS NIKE, INC. AND NIKE USA, INC.'S NOTICE OF REMOVAL** |
| Defendants. | | **[28 U.S.C. §§ 1332, 1441(a), 1446** |
| | | Judge:    Hon. |
| | | Dept.: |
| | | Complaint Filed: |
| | | Trial Date: |

- 1 -

NOTICE OF REMOVAL OF ACTION

Case No.:

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Nike Inc. and Defendant Nike USA, Inc., (collectively, "Nike Defendants"), by its counsel SANDERS ROBERTS LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on diversity jurisdiction, the claims pending as Case No. 22STCV26299 of the Superior Court of California, County of Los Angeles. In support of this removal, Nike states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff Jessica Bradford ("Plaintiff") against the Nike Defendants and Defendant Shoe Palace Corporation, entitled *Jessica Bradford vs. Shoe Palace Corporation, et al*, Case No. 22STCV26299 (the "State Action"). Plaintiff filed the State Action on August 15, 2022, asserting Wrongful Death, Survival, Negligence, Premises Liability, and Intentional Infliction of Emotional Distress. The Nike Defendants are named in each cause of action except Premises Liability. (*See* **Exhibit A** [Complaint])

## PROCEDURAL REQUIREMENTS

2. Nike Defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. (28 U.S.C. § 1446(b).) Or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (*Id.* § 1446(b)(3).) Nike Defendants have not yet been served but obtained a copy of the Complaint on August 17, 2022 and are filing this Notice of Removal within 30 days of receipt. (Declaration of Stephanie Jones Nojima "Nojima Decl." in Support of Notice of Removal), ¶¶ 2–3, Exhibit 1.). This Notice of Removal is therefore

timely. (*Id.* ¶ 3.)

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Nike Defendants' possession are contained in **Exhibit A,** filed herewith.

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this District embraces the place in which the removed action has been pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles, promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of the removal of this action, Nike Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Nike Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

**DIVERSITY OF CITIZENSHIP JURISDICTION**

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and Nike Defendants may remove it from state to federal court pursuant to 28 U.S.C. section 1441(b) in that this action involves citizens of

Case No.:
NOTICE OF REMOVAL OF ACTION

different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### A. Plaintiff is a Citizen of Colorado

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is prima facie evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

11. Plaintiff does not allege her state of residence in the Complaint. However, Nike is informed and believes she is a resident of Colorado. (Nojima Decl. ¶ 8 Ex. 5.)

### B. Nike Defendants Are Not Citizens of Colorado

12. Nike Defendants are now and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). 28 U.S.C. § 1332(c)(1).

13. Pursuant to 28 U.S.C. section 1332(c), for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

14. Nike Defendants are now, and ever since this action commenced have been, incorporated under the laws of the State of Oregon, with the principal place of businesses for both entities in Beaverton, Oregon. (Declaration of Joshua Simko in Support of Defendants' Notice of Removal ("Simko Decl."), ¶¶ 4, 7). Beaverton, Oregon is the site of Nike Defendants' corporate headquarters and executive offices, where their high-level officers direct, control, and coordinate Nike's activities. (Simko Decl., ¶¶ 5, 8). Furthermore, many of Nike's executive and administrative functions, including corporate financing and accounting, are

directed from Beaverton, Oregon. (Simko Decl., ¶¶ 6, 9). Accordingly, Nike Defendants' principal place of business is Beaverton, Oregon under the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

15. Therefore, for purposes of diversity jurisdiction, Nike Defendants are, and have been at all times since this action commenced, citizens of the State of Oregon.

16. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

17. Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through fifty, does not deprive this Court of jurisdiction.

18. Defendant Shoe Palace Corporation is incorporated in California, with its principal place of business in Minnesota. (Nojima Decl. ¶ 7.) Nike is informed and believes that Shoe Palace Corporation has not yet been served. (Nojima Decl. ¶ 9.) Thus, irrespective of Shoe Palace's status as a California Corporation, Nike may still remove this action under 28 U.S.C. §1441(b)(2) because that party does not destroy complete diversity. *Choi v. G.M. LLC,* 2021 U.S. Dist. Lexis 172291 (C.D. Cal. Sept. 9, 2021).

19. For the reasons stated above, the Court has jurisdiction based on diversity of citizenship.

**C. Amount in Controversy Exceeds the Statutory Minimum**

20. Under the Federal Courts Jurisdiction and Venue Clarification Act of

2011, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks ... a money judgment, but the State practice ... permits recovery of damages in excess of the amount demanded." *See Damele v. Mack Trucks, Inc.*, 219 Cal. App. 3d 29, 41-42 (1990) (noting that under California law, a plaintiff is not limited to the statement of damages set forth in his Complaint.) Thus, even if Plaintiff alleges that the amount in controversy for Plaintiff individually does not exceed the sum or value of $75,000, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B); *see, e.g., RT Financial Inc. v. Zamora*, No. 1:12-cv-01581-AW-SKO, 2012 WL 4468763, *2 (E.D. Cal. Sept. 27, 2012) (holding that the preponderance of the evidence standard applied to a complaint which expressly stated that the amount in controversy did not exceed $10,000).

21. The preponderance standard is not a "daunting" standard. *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). A removing defendant must simply produce underlying facts or evidence demonstrating more likely than not the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not'

that the amount in controversy exceeds [the threshold] amount."); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (district court properly considered damages awards in other similar cases)(emphasis added); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

22. In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant. *See Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.'").

23. Though Plaintiff does not quantify her alleged damages in her Complaint, but the allegations make clear she is seeking more than $75,001

24. While Nike Defendants deny any liability as to Plaintiff's claims, as set forth more fully below, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's claims because Plaintiff is diverse from Defendant and Plaintiff's claims are worth more than, but at least as much as, $75,001. Claims like Plaintiff's lawsuit have led to recoveries exceeding the jurisdictional minimum. All calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) could be established.

25. **Wrongful Death/Survival/Negligence Claims:** Plaintiff alleges that her son was murdered while at his place of employment during a Nike shoe raffle event, and that Nike is responsible because it was aware of "sneaker violence" during its sneaker promotions but did nothing to prevent such violence. (Ex. A, Compl. ¶¶ 20, 21, 24, 25, 29.)

26. As a result of Nike's alleged negligence, Plaintiff claims to have "suffered economic and emotional distress damages." She is also seeking to recover for her dead son's "pain and suffering for the approximate hour he was alive following the shooting…" (Ex. A, Compl. ¶ 22.) A review of similar cases in California demonstrates that awards commonly exceed $75,001. *See Antonio Steward v. Stratus Security Services, Inc.*, San Bernadino Superior Court Case No. SCVSS145226 (June 13, 2013) (award of $55,000,000 in negligence/premises liability case predicated on gang shooting).

27. **Claim for Intentional Infliction of Emotional Distress.** In addition to the damages Plaintiff seeks pursuant to her first cause of action, Plaintiff also alleges that she is entitled to damages for Intentional Infliction of Emotional Distress.

28. Plaintiff claims to have "every day since [her son's] death suffered severe emotional distress," and also seeks to recover for her son's severe emotional distress for the hour between the shooting and his death. (Ex. A, Compl. ¶ 39.) In other cases involving claims for IIED parties have sought non-economic damages well in excess of $75,001. *See Nosrat v. Garnet OMG, LLC*, San Diego Superior Court, Case No. 37-2019-00034682-CU-PO-CTL (May 4, 2022) (plaintiff sought recovery of in excess of $9,000,000 in non-economic damages for IIED claim). Plaintiff's claim for IIED alone, if proven would exceed $75,001

29. **Prayer for Punitive Damages.** The Court must also consider each Plaintiff's requests for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

30. Plaintiff's request for punitive damages weighs in favor of establishing

the amount in controversy. Punitive damages may be substantial and, in some cases, even exceed the amount in controversy. *See Duin v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00").

31. The economic resources of the defendant and the amount of compensatory damages are two of the three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award .... That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors ...." (internal citations omitted). Here, Nike Defendants are a large corporation. Therefore, the request for punitive damages further weighs in favor of establishing the amount in controversy.

32. Considered together, the general and special damages sought by Plaintiff for both her claims, along with the attorney fees and punitive damages that might be awarded on her claims if she prevails, establishes by a preponderance of the evidence that the amount in controversy for her claim exceeds $75,001, particularly because she is seeking exemplary damages in this action.

33. Based upon the allegations contained in Plaintiff's Complaint, as discussed above, Nike Defendants are informed and believe and allege that the amount in controversy in this action has been met and, therefore, Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and Nike Defendants and the amount in controversy between the parties is in excess of $75,001, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is

1 therefore proper for removal to this Court.

## VENUE AND INTRADISTRICT ASSIGNMENT

34. As discussed above, Plaintiff is a resident of Colorado.

35. Plaintiff originally brought this action in the Superior Court of the State of California for the County of Los Angeles. The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District of California.

36. This Court is the United States District Court for the district within which the State Court Action is pending. Therefore, pursuant to 28 U.S.C. sections 1391(a), 1441(a) and 1446(a), venue lies in the Central District of this Court.

## CONCLUSION

37. Consequently, having complied with all pertinent requirements, Nike Defendants remove the Civil Action to this Court and respectfully invoke the Court's jurisdiction thereby.

Dated: August 18, 2022         **SANDERS ROBERTS LLP**

By: */s/ Stephanie Jones Nojima*
Justin H. Sanders, Esq.
Melvin L. Felton, Esq.
Stephanie Jones Nojima, Esq.
Attorneys for DEFENDANTS
**NIKE, INC. AND NIKE USA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August 2021, I electronically filed the foregoing documents with the Clerk of this Court, using the CM/ECF System. In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 18, 2022, at Los Angeles, California.

| Blanca Reyes | */s/ Blanca Reyes* |
|---|---|
| (Type or print name) | (Signature) |

# SERVICE LIST

*Jessica Bradford v. Shoe Palace Corporation, et al.*
USDC – Case No.:

| | |
|---|---|
| Dante T. Pride, Esq.<br>Jessica K. Pride, Esq.<br>Zachary I. Avina, Esq.<br>THE PRIDE LAW FIRM<br>2831 Camino Del Rio S<br>Suite 104<br>San Diego, CA 92108<br>Tel.: (619) 516-8166<br>Fax.: (619) 785-3414<br>dpride@pridelawfirm.com<br>jpride@pridelawfirm.com<br>zavina@pridelawfirm.com | **Attorneys for Plaintiff,**<br>JESSICA BRADFORD |